UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

Rayvick Deya,
and other similarly
situated individuals,

    Plaintiff(s),

v.

FLGREEN LLC,
And Felix Alvarez, individually,

    Defendants,
_____/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Rayvick Deya and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendants FLGREEN LLC, and Felix Alvarez, individually, and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover monetary damages for unpaid overtime wages and retaliation under United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Rayvick Deya is a resident of Miami-Dade County, Florida, within this Honorable Court jurisdiction and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

3. Defendant FLGREEN LLC (from now on FLGREEN, or Defendant) is a For-Profit Florida Corporation. Defendant has a place of business in Dade County within this Honorable Court Jurisdiction. Defendant FLGREEN was and is engaged in interstate commerce.

4. The individual Defendant Felix Alvarez was and is now the owner/partner/officer and manager of Defendant corporation FLGREEN. This individual Defendant was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5. All the actions raised in this Complaint took place in Dade-County, Florida, within this Court's jurisdiction.

General Allegations

6. This cause of action is brought by Plaintiff Rayvick Deya as a collective action to recover from Defendants regular and overtime compensation, retaliatory and liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after August 2022, (the "material time") without being adequately compensated.

7. Defendant FLGREEN is a landscaping company.

8. The Employer, FLGREEN was and is engaged in interstate commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a landscaping company that provides services to commercial and residential clients. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce.

Defendant uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and belief, the combined annual gross revenue of the Employer/Defendant was at all times in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

9. Plaintiff and those similarly-situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly-situated through their daily activities, participated in interstate commerce by providing services to clients engaged in interstate commerce. In addition, Plaintiff regularly handled and worked on goods and materials produced for commerce and moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

10. Defendant FLGREEN and Felix Alvarez employed Plaintiff Rayvick Deya as a non-exempted, full-time employee, from approximately August 01, 2022, to December 23, 2022, or 20 weeks.

11. Plaintiff worked under the supervision of the owner of the business and manager, Felix Alvarez.

12. During the relevant period, Plaintiff performed as a landscaper and driver, and he was paid a daily rate of $150.00.

13. While Plaintiff was employed by Defendants, he had a regular schedule. Plaintiff worked six days per week, from Monday to Saturday, from 7:30 AM to 7:00 PM (12.5 hours daily), or 75 hours weekly.

14. Plaintiff worked 75 hours weekly, but he was not paid for overtime hours as required by law.

15. Plaintiff was paid weekly his daily rate, regardless of the number of hours worked, but he was not paid for overtime hours, as required by law.

16. Plaintiff did not clock in and out, but Defendants were in absolute control of his schedule and activities. Defendants knew the number of hours that Plaintiff and other similarly situated individuals were working.

17. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

18. Plaintiff was paid in cash, by Zelle, without paystubs providing accurate information such as the number of days and hours worked, wage rate paid, and employee taxes withheld..

19. Plaintiff was not in agreement with his extended working hours and the lack of payment for overtime hours.

20. Plaintiff disagreed with the lack of payment for overtime hours, and he complained multiple times to the owner of the business Felix Alvarez. Plaintiff complained about unpaid overtime and late payments.

21. On or about December 16, 2022, Plaintiff complained about unpaid overtime hours and late payments for the last time.

22. As a result, Plaintiff was fired on or about December 23, 2022.

23. At times mentioned, individual Defendant Felix Alvarez was, and is now, the owner/partner/manager of FLGREEN. Defendant Felix Alvarez was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. This individual Defendant acted directly in FLGREEN's interests concerning its employees, including Plaintiff and others similarly

situated. Defendant Felix Alvarez had financial and operational control of the business determining Plaintiff's terms and conditions of employment. Accordingly, he is jointly and severally liable for Plaintiff's damages.

24. Plaintiff Rayvick Deya seeks to recover unpaid regular and overtime wages for every hour worked over 40 during his entire employment, retaliatory damages, liquidated damages, and any other relief as allowable by law.

## Collective Action Allegations

25. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq*. ("the Act"). Section 216 (b) for jurisdictional placement).

26. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every overtime hour worked at the rate of time and one-half their regular rate.

27. This action is intended to include every construction employee and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

28. Plaintiff Rayvick Deyare-adopts every factual allegation stated in paragraphs 1-27 above as if set out in full herein.

29. Defendant FLGREEN and Felix Alvarez employed Plaintiff Rayvick Deya as a non-exempted, full-time landscaper and driver from approximately August 01, 2022, to December 23, 2022, or 20 weeks.

30. During the relevant period, Plaintiff performed as a landscaper and driver, and he was paid a daily rate of $150.00 daily.

31. While Plaintiff was employed by Defendants, he worked six days per week, a regular schedule. From Monday to Saturday, from 7:30 AM to 7:00 PM (12.5), or 75 hours weekly.

32. Plaintiff worked 75 hours weekly, but he was not paid for overtime hours as required by law.

33. Plaintiff was paid his daily rate weekly, regardless of the number of hours worked but was not paid for overtime hours, as required by law.

34. Plaintiff did not clock in and out, but Defendants were in absolute control of his schedule and activities. Defendants knew the number of hours that Plaintiff and other similarly situated individuals were working.

35. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

36. Plaintiff was paid in cash, by Zelle, without paystubs providing accurate information such as the number of days and hours worked, wage rate paid, and employee taxes withheld.

37. Plaintiff was fired on or about December 23, 2022, after he complained about unpaid overtime wages.

38. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendants.  However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

39. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

40. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to

overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

41. Plaintiff is not in possession of time and payment records, but he will provide a reasonable good-faith estimate based on his recollections and his knowledge. After discovery, Plaintiff will amend his statement of claim.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

    Four Thousand Two Hundred and 00/100 ($4,200.00)

    b. <u>Calculation of such wages</u>:

    Total period of employment: 20 weeks
    Relevant weeks of employment:  20 weeks
    Number of days worked: 6 days weekly
    Total number of hours weekly: 75 hours on average
    Daily rate: $150.00 per day x 6 days=$900.00 weekly:75 hours=$12.00
    Regular rate: $12.00:2=$6.00
    Half-time=$6.00

    $6.00 x 35 O/T hours=$210.00 weekly x 20 weeks=$4,200.00

    <u>Nature of wages (e.g., overtime or straight time)</u>:

    This amount represents unpaid half-time overtime wages.[1]

42. At all times, material hereto, the Employers/Defendants failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, the Defendants made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves his rights to amend the calculations.

43. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

44. Defendants FLGREEN and Felix Alvarez willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

45. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action, and he is obligated to pay a reasonable attorney's fee.

Prayer for Relief

Wherefore, Plaintiff Rayvick Deya and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Rayvick Deya and other similarly situated individuals and against the Defendants FLGREEN and Felix Alvarez based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Rayvick Deya actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or

available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Rayvick Deya demands a trial by a jury of all issues triable as of right by a jury.

## <u>COUNT II:</u><br><u>FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE;</u><br><u>PURSUANT TO 29 USC 215(a)(3); AGAINST ALL DEFENDANTS</u>

46. Plaintiff Rayvick Deyare-adopts every factual allegation stated in paragraphs 1-27 of this Complaint as if set out in full herein.

47. Defendant FLGREEN was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A

48. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

49. 29 USC § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

50. Likewise, 29 USC 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

51. Defendant FLGREEN and Felix Alvarez employed Plaintiff Rayvick Deya as a non-exempted, full-time landscaper and driver from approximately August 01, 2022, to December 23, 2022, or 20 weeks.

52. During the relevant period, Plaintiff performed as a landscaper and driver, and he was paid a daily rate of $150.00 daily.

53. While Plaintiff was employed by Defendants, he worked six days per week, an average of 75 hours weekly.

54. Plaintiff worked in excess of 40 hours weekly, but he was not paid for overtime hours, as required by law.

55. Plaintiff did not clock in and out, but Defendants were in absolute control of his schedule and activities. Defendants knew the number of hours that Plaintiff and other similarly situated individuals were working.

56. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

57. Plaintiff was paid in cash, by Zelle, without paystubs providing accurate information such as the number of days and hours worked, wage rate paid, and employee taxes withheld.

58. Plaintiff disagreed with his extended working hours and the lack of overtime pay. Plaintiff complained several times to his manager Felix Alvarez about unpaid wages and overtime.

59. On or about December 16, 2022, Plaintiff complained about the lack of payment for regular hours and overtime hours, and late payments.

60. This complaint constituted protected activity under the FLSA.

61. However, on or about December 23, 2022, Plaintiff was fired.

62. At the time of his termination, Plaintiff was performing the essential functions of his position satisfactorily. There was no other reason than retaliation to fire him.

63. There is close proximity between Plaintiff's protected activity and his termination.

64. The motivating factor which caused Plaintiff's discharge, as described above, was his complaint seeking unpaid regular and overtime wages from Defendants. In other words,

Plaintiff would not have been fired but for his complaints about unpaid regular and overtime wages.

65. The Defendants' termination of Plaintiff was in direct violation of 29 USC 215 (a)(3), and, as a direct result, Plaintiff has been damaged.

66. Plaintiff Rayvick Deya has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

<u>Prayer For Relief</u>

Wherefore, Plaintiff Rayvick Deya respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants FLGREEN and Felix Alvarez that Plaintiff Rayvick Deya recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 USC § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants FLGREEN and FLGREEN to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff Rayvick Deya further prays for such additional relief as the interests of justice may require.

<u>Demand for a Jury Trial</u>

Plaintiff Rayvick Deya demands a trial by a jury of all issues triable as a right by a jury.

Date: January 30, 2023

                                            Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*