UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:23-cv-20376-DPG

RAYVICK DEYA,

      Plaintiff,

v.

FLGREEN LLC,
and FELIX ALVAREZ, individually,

      Defendants.

_____/

**JOINT MOTION FOR APPROVAL OF THE PARTIES'**
**SETTLEMENT AND FOR DISMISSAL WITH PREJUDICE**

RAYVICK DEYA ("Plaintiff"), and Defendants, FLGREEN LLC. and FELIX ALVAREZ ("Defendants"), (collectively referred to herein as the "Parties"), by and through their undersigned counsel, jointly notify the Court that the Parties have resolved the claims in this matter and hereby stipulate to the voluntary dismissal, with prejudice, of this action in its entirety pursuant to Fed. R. Civ. P. 41(a)(2), subject to the Court's review and approval of the settlement.

The Parties jointly move the Court for entry of an Order approving the Parties' settlement and for dismissal of this action, with prejudice, and state as follows:

1.       On January 31st, 2023, Plaintiff filed a two-count Collective Action Complaint alleging (1) Defendants failed to pay overtime under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. ("FLSA") (Count I), and (2) that Defendants retaliated against Plaintiff (Count II).  [*See generally*, ECF No. 1].

2.       Defendants deny any and all liability and further deny that Plaintiff is entitled to any relief whatsoever.

3.      However, to avoid the costs and uncertainty of litigation, the Parties have negotiated a settlement in this matter.

4.      The Parties are represented by employment counsel with extensive experience in FLSA litigation who have fully explained the terms, contents, conditions, and effects of the Parties' settlement agreement to their respective clients.

5.      Pursuant to *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350 (11th Cir. 1982), claims arising under the FLSA may be settled or compromised only with the approval of the Court or Secretary of Labor.

6.      The Parties stipulate that the settlement reached between them represents a "fair and reasonable" resolution of all of Plaintiff's claims because it represents full payment of amounts allegedly due, as well as payment for all other claims for damages and legal or equitable relief as might be obtainable under the FLSA, and because Defendants are paying Plaintiff's attorneys' fees and costs in full.  The Parties also stipulate that the settlement reached between them represents an efficient resolution of this dispute and, thus, advances judicial economy.

7.      Pursuant to several federal district court decisions, when the parties stipulate that the plaintiff/employee has been offered the full measure of the wages due, judicial "scrutiny" is not required to approve fairness.  *See Crooms v. Lakewood Nursing Ctr., Inc.*, No. 3:07-cv-435-J-32TEM, 2008 U.S. Dist. LEXIS 10432, at *2 (M.D. Fla. Feb. 12, 2008).  The following reasoning applies here:

> However, "*Lynn's Food Stores* addresses judicial oversight of 'compromises' of FLSA claims." *Mackenzie v. Kindred Hospitals East, L.L.C.*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003).  When the defendant represents that it has offered the plaintiff at least full compensation on his claim, and the plaintiff has not disputed that representation, the case does not involve a compromise and there is no need for judicial scrutiny.  *Id.*; *see also e.g.*, *Park v. American Services Of Central Fla., Inc.*, No. 6:06-cv-882-Orl-22UAM, 2007

U.S. Dist. LEXIS 40849, at *3 (M.D. Fla. June 5, 2007) ("[w]here the employer offers the plaintiff full compensation on his FLSA claim, no compromise is involved and judicial approval is not required"). When a plaintiff receives all past due compensation to which he was arguably entitled under the FLSA, "the settlement is fair." *Aiello v. Daytona Beach Lincoln Mercury, Inc.*, No. 6:07-cv-1794-Orl-28KRS, 2008 U.S. Dist. LEXIS 867, * 1 (M.D. Fla. Jan. 7, 2008).

*Id.*

8.      The Parties further stipulate to the dismissal, with prejudice, of this action upon approval by the Court and for the Court to retain jurisdiction for thirty (30) days in order to enforce the terms and conditions of the Settlement Agreement and Release of Claims [Exhibit A] (the "Agreement").

WHEREFORE, the Parties respectfully request that this Court approve the Agreement, dismiss this matter with prejudice, and retain jurisdiction for ninety (90) days to enforce the terms of the Agreement.

Dated:  April 14th, 2023

Respectfully submitted,

| | |
|---|---|
| */s/Zandro E. Palma*_____ | */s/Bradley F. Zappala*_____ |
| Zandro E. Palma, Esq. | Bradley F. Zappala, Esq. |
| Florida Bar No.: 0024031 | Florida Bar No. 111829 |
| **ZANDRO E. PALMA, P.A.** | **SWITKES & ZAPPALA, P.A.** |
| 9100 S. Dadeland Blvd., Suite 1500 | 407 Lincoln Road, PH SE |
| Miami, Florida 33156 | Miami Beach, Florida 33139 |
| Telephone No.: (305) 446-1500 | Telephone: (305) 534-4757 |
| Facsimile No.:  (305) 446-1502 | Fax: (305) 538-5504 |
| zep@ThePalmaLawGroup.com | Email: rswitkes@switkeslaw.com |
| *Attorney for Plaintiff* | *Attorneys for Defendants* |